UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DWIGHT HODGE,
    Plaintiff,

vs.                                               Case No.: 3:23cv24738/MCR/ZCB

RICKY D DIXON, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* prisoner civil rights case filed under 42 U.S.C. § 1983. (Doc. 1). Presently before the Court is Plaintiff's amended complaint. (Doc. 17). Because Plaintiff is an inmate who is proceeding *pro se* and *in forma pauperis*, the Court is statutorily required to screen Plaintiff's amended complaint to determine whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune. *See* 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or an officer or employee thereof); *see also Jones v. Bock*, 549 U.S. 199, 202 (2007) (recognizing that Congress has mandated

1

"early judicial screening of prisoner complaints"). Having reviewed the amended complaint, dismissal is warranted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) because Plaintiff has failed to state a plausible claim for relief.[1]

## I. Background

The allegations in Plaintiff's amended complaint (Doc. 17) remain largely unchanged from his initial complaint (Doc. 1). Plaintiff's amended complaint names as Defendants the following Century Correctional Institution (CCI) officials: Assistant Warden D. Jones and Correctional Officers B. Cash, L. Arnold, Lasqevia McWilliams, and A. Jenkins; as well as the following Florida Department of Corrections (FDOC) officials: A. Cochran and D. Bass. (Doc. 17 at 3-5). Plaintiff

---

[1] The Court previously provided Plaintiff an opportunity to amend after explaining to him deficiencies in his prior pleading. (Doc. 12). Nonetheless, Plaintiff's amended complaint still fails to state a claim upon which relief could be granted. *See generally Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (stating that a plaintiff typically "must be given at least one chance to amend the complaint before the district court dismisses the action").

names all Defendants in their individual capacities, and he names Cash, McWilliams, and Jones in their official capacities as well. (*Id.*).

Plaintiff alleges that between 2:30 a.m. and 3:00 a.m. on June 16, 2023, Plaintiff and his former cellmate were "taken" from their cell while it was searched by Defendant Cash. (*Id.* at 7). Both Plaintiff and his former cellmate were placed in confinement and charged with possession of drugs. (*Id.*). Plaintiff alleges that during the search, "his personal property was recklessly and haphazardly thrown all over the cell." (*Id.*). Plaintiff alleges Defendant Arnold advised Plaintiff that none of Plaintiff's property was thrown away, and Plaintiff "in his sleep deprived state of mind" signed an inmate impounded property list (a form DC6-220) "without once actually ever scrutinizing the DC6-220 document." (*Id.*). Plaintiff states Defendant Jenkins is listed as the official who inventoried Plaintiff's property on the signed DC6-220, but Plaintiff claims the property was never inventoried in his presence. (*Id.*). Plaintiff alleges that approximately twenty-nine days later, he realized that "much of his personal property was missing." (*Id.*). Plaintiff filed numerous grievances challenging the deprivation of his property and

3

requested an investigation, but because Plaintiff had signed the form, Defendants did not take his requested action. (*Id.* at 7-8).

Additionally, Plaintiff alleges he was denied due process when he was placed in confinement on the drug possession charges. (*Id.* at 8). Plaintiff alleges he received two disciplinary reports, one for possession of narcotics and one for possession of stimulants. (*Id.*). Plaintiff alleges he requested that the "stimulants" be sent to a lab for testing, but his request was denied by Defendants Jones and Cochran. (*Id.*). Plaintiff filed numerous grievances about this issue. (*Id.*). Plaintiff also alleges he sought to compel "institutional authorities to perform its ministerial duties," with respect to the property he claims was taken. (*Id.*). Plaintiff continued to grieve this issue as well. (*Id.*).

Plaintiff then alleges on September 12, 2023, he received a third disciplinary report for unauthorized possession of a cellular device. (*Id.* at 9). Plaintiff alleges that in preparing this report, the institutional authorities failed to comply with their internal procedures by not issuing a receipt and notating the contraband's disposition within the report's statement of facts. (*Id.*).

4

Plaintiff alleges claims against Defendants for failure to safeguard his personal property, due process violations, gross negligence, and deliberate indifference. (*Id.*). Plaintiff seeks monetary damages, declaratory relief, and injunctive relief "in the form of ensuring Defendants henceforth obey and comply with their internal procedures." (*Id.*).

## II.   Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### III. Discussion

**A. Plaintiff has failed to plausibly allege due process violations.**

*1. Property deprivation claims*

The Due Process Clause encompasses two components, a substantive component and a procedural component. The substantive component of the Due Process Clause protects only "fundamental" rights. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir.1994) (citing *Palko v.*

6

*Connecticut*, 302 U.S. 319, 325 (1937)).  Fundamental rights "are protected against certain government actions regardless of the fairness of the procedures used to implement them." *McKinney*, 20 F.3d at 1556 (internal quotation omitted).  In contrast, "areas in which substantive rights are created only by state law . . . are not subject to substantive due process protection . . . because substantive due process rights are created only by the Constitution." *Id.* (internal quotation omitted).

Property interests are created and defined by state law rather than the Constitution.  *See Greenbriar Village, L.L.C. v. Mountain Brook City*, 345 F.3d 1258, 1262 (11th Cir. 2003) (citing *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)).  They are not fundamental rights, and thus are not entitled to substantive due process protection.  *See id.* at 1262–63 ("[N]on-legislative deprivations of state-created rights . . . cannot support a substantive due process claim.).

With regard to the procedural component of the Due Process Clause, the Supreme Court has unequivocally held that an unauthorized intentional deprivation of property by a state actor does not constitute a violation of the procedural requirements of the Due Process Clause of the

7

Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (emphasis added). Under Florida law, a person may file a tort action in state court to recover damages for destruction of property. *See* Fla. Stat. § 768.28 (2011). The existence of § 768.28 provides Plaintiff with a meaningful, post-deprivation remedy to challenge the loss of property caused by intentional conduct by a state actor. Additionally, the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of property. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis added). So regardless of whether Defendant Arnold's conduct, which resulted in the alleged loss of Plaintiff's property, was intentional or negligent, Plaintiff has failed to state a plausible due process claim.

    *2. Disciplinary report claims*

The Due Process Clause of the Fourteenth Amendment protects against deprivations of "life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a claim for a violation of due process, a prisoner must allege that there was (1) "a deprivation of a

8

constitutionally-protected liberty or property interest"; (2) "state action"; and (3) "constitutionally inadequate process." *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994).

A denial of grievances does not amount to a due process violation because an inmate has no constitutionally protected interest in the prison's grievance procedures. *Bingham v. Thomas*, 654 F.3d 1171, 1177-78 (11th Cir. 2011). Rather, due process is implicated when either "a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or . . . when the government has consistently bestowed a certain benefit to prisoners . . . and the deprivation of that benefit imposes atypical and significant hardship" relative to ordinary prison life. *Thomas v. Warner*, 237 F. App'x 435, 438 (11th Cir. 2007).

Here, to the extent Plaintiff claims the procedures used in his disciplinary hearing(s) and resulting confinement amount to a due process violation, Plaintiff's claim fails because administrative confinement for what appears to be a period of twenty-nine days, without more, does not indicate "atypical and significant hardship relative to

9

ordinary prison life." *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (determining that thirty days of administrative confinement did not constitute atypical and significant hardship); *Shaarbay v. Palm Beach Cnty. Jail*, 350 F. App'x 359, 362 (11th Cir. 2009) (same); *see also Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding that sixty days of administrative confinement did not amount to atypical and significant hardship). Nor has Plaintiff sufficiently alleged that his confinement was "so severe" as to exceed the sentence imposed by the Court. *See Thomas*, 237 F. App'x at 438. Thus, Plaintiff's complaint fails to plausibly allege a due process claim based on his disciplinary confinement.

### B. Plaintiff cannot prevail on a § 1983 claim against Defendants for violations of prison policies and procedures.

The Court previously advised Plaintiff that violations of internal FDOC procedures did not constitute constitutional violations. (*See* Doc. 6 at 11). Yet, Plaintiff repeatedly references Defendants' failure to adhere to their internal policies and procedures throughout his amended complaint. Such claims, standing alone, are not actionable under 42

10

U.S.C. § 1983. *See Crenshaw v. Lewis*, No. 8:14-cv-1941, 2016 WL 521531, at *3 (M.D. Fla. Feb. 4, 2016) ("[A] violation of standard procedures, in and of itself, is not a basis for relief in an action under § 1983."); *see also Ruddick v. Cameron*, 2006 WL 196945, at *2 (M.D. Fla. Jan. 24, 2006) (explaining that violations of prison regulations cannot form the basis of a § 1983 claim). Therefore, to the extent Plaintiff asserts claims against Defendants for their alleged failure to follow policies and procedures, Plaintiff's claims fail to plausibly state a claim for relief under § 1983.

### C. Plaintiff cannot seek monetary damages from state Defendants in their official capacities.

Despite the Court advising Plaintiff on Eleventh Amendment sovereign immunity law (*see* Doc. 6 at 13), Plaintiff's amended complaint seeks monetary damages from three FDOC Defendants in their official capacities. The Eleventh Amendment doctrine of sovereign immunity is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *Edelman v. Jordan*, 415 U.S. 651,

662–63 (1974). Absent waiver or express congressional abrogation (neither of which is present in this case) the Eleventh Amendment doctrine of sovereign immunity bars a § 1983 plaintiff's claims for monetary damages against individual employees of the Florida Department of Corrections (FDOC) in their official capacities. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989) (holding that the Eleventh Amendment bars a § 1983 suit against state officials in their official capacities); *see also McKinley v. Kaplan*, 177 F.3d 1253, 1256 (11th Cir. 1999) (stating § 1983 does not create a cause of action for money damages against state officials in their official capacities).

Here, Plaintiff's claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment doctrine of sovereign immunity. *See Will*, 491 U.S. at 65, 71. For this reason, the official capacity claims cannot survive screening under § 1915(e)(2)(B)(iii).

### D. Plaintiff is not entitled to the injunctive and declaratory relief he seeks.

Again, despite this Court advising Plaintiff on the law surrounding his injunctive and declaratory relief claims (*see* Doc. 6 at 14), he has improperly asserted such claims in his amended complaint.

The amended complaint improperly seeks injunctive and declaratory relief from Defendants because Plaintiff lacks standing to pursue such relief. A plaintiff seeking such relief "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346, 1348 (11th Cir. 1999) (dismissing a declaratory judgment claim for lack of standing because the complaint failed to allege that plaintiffs were "likely to be subject to future injury"). This is because injunctions are aimed at preventing future wrongdoing, as opposed to remedying past wrongs. *Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014). As a result, a plaintiff seeking injunctive relief must allege "a real and immediate—as opposed to a merely hypothetical or conjectural—threat of future injury." *Id.* (cleaned up).

13

Here, Plaintiff seeks an injunction mandating that Defendants adhere to their internal rules and procedures and "be more mindful and sensitive to present and future remedial request[s] and appeals." (Doc. 17 at 13). Plaintiff has not alleged "a real and immediate . . . threat of future injury" with this request. *See Strickland*, 772 F.3d at 883. In fact, Plaintiff's threatened "injury" is purely hypothetical in that in the event he decides to file a remedial request at some point in the future, he wants to ensure Defendants will follow their internal policies in handling it; the "injury" poses no realty nor immediacy. Thus, Plaintiff has not plausibly stated a claim for injunctive or declaratory relief. *See Knop v. Gordy*, No. 5:16cv1356, 2017 WL 5078056, at *10 (N.D. Ala. July 20, 2017) (finding the prisoner-plaintiff lacked standing to seek a preliminary injunction because he had failed to present "specific facts which demonstrate[d] he face[d] real, immediate, and irreparable injury").[2]

---

[2] Plaintiff's amended complaint also raises state law gross negligence claims. (*See* Doc. 17 at 10-11). It is well established that once a plaintiff's federal claims are dismissed there remains no independent federal jurisdiction to support the court's exercise of supplemental jurisdiction over state claims against a defendant. *See Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). And the supplemental

14

## IV. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 17) be **DISMISSED** for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1);

2. The Clerk of Court be directed to close this case.

---

jurisdiction statute, 28 U.S.C. § 1367(c)(3), provides that the district court may decline to exercise supplemental jurisdiction over claims after it has dismissed all claims over which it has original jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (encouraging district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial). Because Plaintiff's federal claims should be dismissed, the Court should decline to exercise supplemental jurisdiction over his state law gross negligence claims. *See Wilks v. St. Lucie Cnty. Sheriff Office*, 740 F. App'x 658, 665 (11th Cir. 2018) (affirming district court's decision to decline jurisdiction over prisoner's state law claims after it dismissed the federal claims he had brought under § 1983). Moreover, the supplemental jurisdiction statute contains a tolling provision. *See* 28 U.S.C. § 1367(d) (state claims asserted in federal court along with "related" federal claims "shall be tolled while the claim is pending and for a period of 30 days after it is dismissed"). Thus, Plaintiff's state law claims are tolled while they are pending in federal court, and Plaintiff has thirty days after dismissal by the federal court to re-file in state court. *See Krause v. Textron Fin. Corp.*, 59 So. 3d 1085 (Fla. 2011). Therefore, Plaintiff's pursuit of any state law claim in state court would not be prejudiced by this court's declining to exercise supplemental jurisdiction over those claims.

At Pensacola, Florida this 25th day of April 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.